# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4862 | **DATE** | 12/13/2011 |
| **CASE TITLE** | Cerk vs. Hansbro | | |

**DOCKET ENTRY TEXT**

Accordingly, Hansbro's motion to dismiss the petition for writ of habeas corpus as unexhausted [9] is granted and Cerk's petition is dismissed without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Petitioner Nicole Cerk filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging her 2009 conviction for aggravated driving under the influence. Respondent Warden Shelith Hansbro moved to dismiss the petition as unexhausted because three of the four claims have not been exhausted in state court. For the reasons set forth below, Cerk's petition is dismissed without prejudice.

    Cerk was convicted of aggravated driving under the influence after pleading guilty in the Circuit Court of McHenry County on January 1, 2009, and sentenced to eight years of incarceration. (Doc. 11-1 at 1.) Cerk is also required to serve a term of mandatory supervised release based on the conviction. (Doc. 11-5 at 10.) On appeal, Cerk only argued that her sentence was excessive and should be reduced. (Doc. 11-3 at 3.) On May 25, 2011, the Illinois Appellate Court rejected Cerk's claim and affirmed the sentence. (Doc. 11-1 at 1.)

    Cerk then filed a petition for leave to appeal in the Illinois Supreme Court, claiming: (1) her sentence should be reduced; (2) counsel was ineffective for failing to preserve issues for review; (3) she was not informed that she would have to serve a term of mandatory supervised release before she pled guilty; and (4) the trial court improperly used a previous arrest as aggravating evidence at her sentencing. (Doc. 11-5 at 3.) The Illinois Supreme Court denied the petition for leave to appeal on May 25, 2011. (Doc. 11-6 at 1.)

    In July 2011, Cerk filed the instant petition on the grounds that: (1) the sentence was excessive since she lacked a criminal record, had a low probability of recidivism, and the court abused its discretion; (2) counsel was ineffective for failing to argue that (a) she was not informed of her mandatory supervised release term, (b) that the use of her prior arrest was improper, and (c) that she was improperly treated as a repeat offender; (3) the court failed to inform her about the mandatory supervised release term as part of her sentence; and (4) her previous arrest without conviction was improperly used in aggravating the sentence.

| STATEMENT |
|---|

(Doc. 1 at 5–10.)

      Under 28 U.S.C. § 2254(b)(1)(A), a petition for a writ of habeas corpus shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. A petitioner shall not be deemed to have met this standard "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The exhaustion requirement serves federal-state comity by allowing states the first opportunity to address alleged violations of a petitioner's federal rights. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007). Thus, the petitioner must first present the same claim to the state courts that she raises with the federal courts. *Id.* at 670 (citing *Picard v. Connor*, 404 U.S. 270, 275–76 (1971)). A federal court may not address the merits of a claim brought in a habeas petition unless the state courts were given "a full and fair opportunity" to review the claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

      In the instant case, Cerk's first claim was exhausted through one complete round of state court review. *Id.*; *Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005). The remaining three claims have not yet been addressed by the state courts, though, as they were only raised in the petition for leave to appeal that was denied. Thus, they remain unexhausted. Cerk still has the opportunity to exhaust the remaining three claims by filing a petition for postconviction relief. The purpose of the postconviction proceedings is to evaluate whether there was a substantial denial of the petitioner's rights under the Constitution of the United States or of the State of Illinois or both. 725 ILCS 5/122-1(a)(1). Illinois law permits a prisoner to file a petition for postconviction relief within six months of the expiration of the time for filing a petition for writ of certiorari to the United States Supreme Court. 725 ILCS 5/122-1(c). Cerk had until August 23, 2011, ninety days after the denial of the petition for leave to appeal, within which to file a petition for a writ of certiorari in the United States Supreme Court. *See* S. Ct. Rule 13. She did not file a petition for writ of certiorari, so Cerk has until February 23, 2012, within which to file a timely petition for postconviction relief.

      The instant petition is a mixed petition as it contains both exhausted and unexhausted claims. *See Arrieta v. Battaglia*, 461 F.3d 861, 866 (7th Cir. 2006). Generally, mixed petitions are to be dismissed without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). While district courts may instead issue a stay on a mixed petition, it is available only in "limited circumstances" where the petitioner has good cause for failing to exhaust her claims, and her unexhausted claims are not plainly meritless. *Rhines v. Weber*, 544 U.S. 269, 276–77 (2005). The Seventh Circuit has also held that the one-year statute of limitations on habeas corpus petitions under the Antiterrorism and Effective Death Penalty Act ("AEDPA") may create special circumstances to permit a stay. *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006).

      In the present case, Cerk has not presented good cause for why she cannot proceed with the postconviction proceedings, stating only that she was unaware that she had grounds for postconviction relief. (Doc. 13 at 1.) In addition, Cerk has ample time to file for postconviction relief, and AEDPA's one-year statute will not run until after conclusion of the postconviction proceedings.

      Accordingly, Hansbro's motion to dismiss the petition for writ of habeas corpus as unexhausted is granted and Cerk's petition is dismissed without prejudice.